IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-106-FL
7:13-CV-254-FL

| | | |
|---|---|---|
| JOHMAR MONTE GALLOWAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion to vacate filed on November 25, 2013. The government has moved to dismiss the motion for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and Petitioner has responded. This matter was referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that the government's motion be granted and that Petitioner's claims be dismissed for failure to state a claim.

## STATEMENT OF THE CASE

On November 15 2011, Petitioner pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one), one count of possession with intent to distribute a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) (count two), and one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count three). On April 2, 2012, the court sentenced Petitioner to a 96-month term of imprisonment. Petitioner appealed his sentence. On October 17, 2012, the

Fourth Circuit Court of Appeals affirmed Petitioner's sentence. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner asserts three arguments in support of his § 2255 motion: (1) he was held responsible at sentencing for a larger quantity of drugs than that charged in the indictment in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013); (2) his attorney was ineffective; and (3) the prosecutor used an inappropriate method and presented false evidence to determine the drug quantity for which Petitioner was responsible. Thus, he requests that this court vacate his sentence or remand his case for resentencing.

**I.  Procedural Default**

Petitioner has procedurally defaulted on his claims brought under *Apprendi* and *Alleyne*. Petitioner neither raised these issues nor provided any explanation why they were not raised on appeal. Petitioner has not shown cause or prejudice or a fundamental miscarriage of justice excusing his procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is actually innocent."); *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (explaining that where petitioner did not raise issues on direct appeal, he was barred from later addressing those issues on collateral review). Thus, Petitioner is precluded from bringing these claims in a § 2255 motion. Alternatively, as discussed below, these claims fail to state a claim upon which relief may be granted.

## II. *Apprendi/Alleyne*

Petitioner asserts that he was held responsible at sentencing for a greater drug weight than was charged in the indictment in violation of *Apprendi* and *Alleyne*. Petitioner is not entitled to relief because *Apprendi* and *Alleyne* do not preclude a court from making factual findings at sentencing with regard to matters that do not impact the statutory punishment. *See Alleyne*, 133 S. Ct. at 2163 ("Our [holding] does not mean that any fact that influences judicial discretion must be found by a jury."); *see also Apprendi*, 530 U.S. at 490 (holding that facts increasing the statutory penalties must be submitted to a jury). Both *Apprendi* and *Alleyne* are limited to circumstances in which the statutory sentence is affected. The Court in *Apprendi* held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The Court in *Alleyne* held, "[F]acts that increase mandatory minimum sentences must be submitted to the jury. . . ." *Alleyne*, 133 S. Ct. at 2163. The Court was careful to note that its decision in *Alleyne* "does not mean that any fact that influences judicial discretion must be found by a jury" and that the Court "ha[s] long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Id.*

Here, Petitioner faced a statutory sentence of zero to twenty years on counts one and two and a statutory sentence of zero to ten years on count three. The drug weight found at Petitioner's sentencing did not raise his statutory minimum or maximum, but was instead used to establish the advisory guideline range for sentencing. *See United States v. Booker*, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.").

Furthermore, *Alleyne* does not help Petitioner because it has not been made retroactively applicable to cases on collateral review. *United States v. Stewart*, 540 Fed. App'x 171, 172 n.1 (4th Cir. 2013) (noting that "*Alleyne* has not been made retroactively applicable to cases on collateral review").

### III.  Ineffective Assistance of Counsel

Petitioner next argues that his trial attorney was ineffective in the following ways: (1) failing to move for dismissal or to quash the indictment; (2) failing to request discovery or make a motion for exculpatory evidence; and (3) failing to object to the method used by the United States Probation Office and the court in calculating the drug weight. To establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. In the context of a plea, a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the petitioner bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

Petitioner provides no factual support for his allegations or evidence of prejudice. Petitioner merely states:

> The [Petitioner] contends that his attorney failed to diligently advocate his case at a professional capacity, and due to the inadequate performance of his attorney he (the [Petitioner]) is now being subjected to endure an unjust sentence,

4

which had been erroneously obtained by the execution of an illegal method of drug calculation by the courts.

Petitioner's claims are unsupported, conclusory allegations, which do not entitle Petitioner to relief under § 2255. *See Nickerson v. Lee*, 971 F.2 d 1125, 1136 (4th Cir. 1992). Even given the liberal interpretation afforded pro se petitions, Petitioner's ineffective assistance claims fail. Thus, these claims should be dismissed for failure to state a claim.

## IV. Prosecutorial Misconduct

Lastly, Petitioner maintains he was the subject of prosecutorial misconduct because an inappropriate method was used to calculate the drug weight and the prosecutor presented false evidence. Petitioner has failed to state a claim of prosecutorial misconduct.

To determine whether prosecutorial misconduct has occurred, the court must determine "whether the conduct so infected the [sentencing hearing] with unfairness as to make the resulting [sentence] a denial of due process." *United States v. Scheetz*, 293 F.3d 175, 185 (4th Cir. 2002) (quotation omitted); *see also McAllister v. United States*, No. 7:06-CR-44-D, 2012 WL 4801521, at *6 (E.D.N.C. Oct. 9, 2012). "The test for reversible prosecutorial misconduct has two components; first, the defendant must show that the prosecutor's . . . conduct [was] improper and, second, the defendant must show that such conduct prejudicially affected his substantial rights. . . ." *Scheetz*, 293 F.3d at 185.

The Government must prove the drug quantity attributable to a defendant by a preponderance of the evidence. *United States v. Carter*, 300 F.3d 415, 425 (4th Cir. 2002). The district court may rely on information in the presentence report unless the defendant shows that the information is inaccurate or unreliable. *Id.*

Here, the court relied on the presentence report prepared by the United States Probation Office in determining the drug quantity for which Petitioner was responsible. Petitioner has not put forward

5

any facts from which it may be inferred that the report was inaccurate or unreliable other than his conclusory statement that "the UNITED STATES CURRANCY[ ] was not related to his underline [sic] offense." (Pet. at 18.) Therefore, Petitioner has not stated a claim upon which relief may be granted for prosecutorial misconduct.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss be GRANTED and Petitioner's claims be dismissed for failure to state a claim upon which relief can be granted.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 14th day of May 2014.

*[signature]*
KIMBERLY A. SWANK
United States Magistrate Judge